McMILLIN, C.J.,
concurring in part, dissenting in part:
¶25. I would agree with the majority that this case must be remanded for further proceedings. However, I respectfully dissent to the proposition that the jury-verdict on the issue of negligence in the cause of the accident must be set aside because the trial court granted a motion in limine as to evidence relating to another count that arguably in the complaint should have been, but was not, tried before the jury.
¶ 26. I agree that the complaint filed- in this cause, though not perfectly clear, can be read as pleading two separate causes of . action; one sounding in negligence for the automobile accident itself, and one for the intentional tort of assault or intentional infliction of emotional distress for waving a handgun at the appellants in a menacing manner in the -moments after the accident.
¶ 27. The trial court granted the appel-lee’s motion in limine based, insofar as the record reveals, on the appellee’s assertion in his motion that the “suit was based upon an automobile collision.” Were that the case, then it would be my view that the appellee’s post-accident behavior, though regrettable, was not admissible since it did nothing to make his negligence in causing the accident “more probable ... than it would be without the evidence.” M..R.E. 401.
¶ 28. Thus, the error in the trial court’s ruling to exclude the evidence, if it is indeed error, must be based on the court’s failure to recognize the existence of a separate count for an intentional tort joined in the same complaint as permitted by Mississippi Rule of Civil Procedure 18. There can be no doubt that a claim sounding in tort for the appellee’s post-accident conduct is a separate one based on a theory of law entirely distinct from negligence. This is not changed by the fact that the second tort occurred in close proximity of time to the appellee’s allegedly accident-causing negligent driving.
¶ 29. That being the case the question becomes what steps are necessary to rectify the error in excluding this evidence. Clearly, two things are necessary to permit the appellants to pursue their claim for the intentional post-accident tort. First, they are entitled to a jury trial on the *792 issue. Secondly, they are entitled to present the evidence excluded by the trial court since that was the very evidence upon which this second cause of action is based, and it would be patently absurd to suggest that it would be inadmissible at a trial of that issue.
¶ 30. However, I part ways with the majority on the proposition that it is also necessary to reverse the jury’s verdict on the negligence claim, which was tried- to conclusion and submitted to the jury after it had heard all relevant evidence pertaining to the vehicular accident only. The error that arose by the exclusion of the evidence covered in the motion in limine had no bearing on the evidence properly to be considered on the issue of negligence. Merely because the evidence was admissible as to the second wilful tort, it does not follow that the jury could properly consider it in deliberating the question of negligence. In fact, had the two causes of action been tried in the same proceeding, I am satisfied that the appellee would have been entitled to a limiting instruction telling the jury that it would be improper to consider the evidence of the appellee’s post-accident behavior when determining the issue of negligence in the cause of the automobile accident.
¶ 31. Therefore, reversing,the jury’s.verdict on negligence and remanding for a new trial at which the intentional tort might also be pursued does nothing but open the possibility that the jury could be improperly swayed in determining the negligence claim based on prejudice inspired by knowledge of .the appellee’s post-accident conduct.
¶ 32. It is improper to reverse a jury verdict on one cause of action simply because evidence that may have been relevant to an entirely separate cause of action was wrongfully excluded. In my view, the proper remedy in this case is to affirm the jury’s verdict on negligence — which the jury reached after due consideration of all evidence pertaining to that issue — and remand for a new trial limited solely to the wilful tort of assault or intentional infliction of emotional distress, at which trial the evidence of the defendant’s actions in the aftermath of the accident would be unquestionably relevant and, thus, admissible.
SOUTHWICK, P.J., AND MOORE J., JOIN THIS SEPARATE WRITTEN OPINION.